IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARY R. STEVENS,** *et al.*                                                                           **PLAINTIFFS**

**v.**                                                                 **CIVIL ACTION NO.: 1:24-cv-94-HSO-MTP**

**FLAGSTAR BANK, NATIONAL
ASSOCIATION,** *et al.*                                                                              **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Defendant Flagstar Bank, National Association's Motion to Strike Jury Trial [167]. Having carefully considered the Motion [167], the applicable law, and the parties' submissions, the Court finds that the Motion [167] should be DENIED.

### BACKGROUND

This lawsuit concerns the cancellation of Plaintiffs' residential flood insurance policy. Plaintiffs say that Defendant Flagstar Bank, National Association ("Flagstar") violated the Real Estate Settlement Procedures Act ("RESPA") when it mishandled Plaintiffs' escrow funds and failed to make timely flood insurance premium payments. *See* [111] at 5. As a result, Plaintiffs' insurance carrier cancelled their flood insurance coverage, and Plaintiffs lost the benefit of a highly favorable grandfathered premium rate. *Id*.

The instant dispute hinges upon whether Plaintiffs have preserved their right to a jury trial in this matter. This action was removed to this Court on March 26, 2024, and on May 1, 2024, Plaintiffs filed their Demand for Jury Trial [15]. The Court entered the first Case Management Order [21] on May 31, 2024, setting this matter for a jury trial.

1

Plaintiffs then filed their First Amended Complaint [41] on July 2, 2024, with leave of Court and without opposition. The First Amended Complaint [41] did not demand (or reference) a jury trial.

On October 1, 2024, Flagstar filed its first Motion to Strike [88] Plaintiffs' demand for jury trial. Flagstar argued that the claims set forth in Plaintiffs' First Amended Complaint [41] arise under the National Flood Insurance Act ("NFIA")—though the NFIA is not mentioned in the Amended Complaint [41]. Even so, Flagstar argued that Plaintiffs are not entitled to a jury trial under the NFIA. [88] at 2. Plaintiffs opposed the Motion [88] and argued that their claims arise under RESPA—not the NFIA.

Before the Court ruled on Flagstar's first Motion to Strike [88], however, Plaintiffs filed their Second Amended Complaint [111] on November 1, 2024, with leave of Court and without opposition.[1] Plaintiffs again asserted their claims under RESPA and made no reference to the NFIA. Like the First Amended Complaint [41], the Second Amended Complaint [111] did not demand (or reference) a jury trial.

On November 4, 2024, the Court denied Flagstar's first Motion to Strike [88] as moot because it was directed at claims set forth in Plaintiffs' First Amended Complaint [41], which is no longer the operative complaint in this matter. *See* Order [112] at 2. Flagstar, though, waited patiently for another bite at the apple and filed the instant Motion to Strike Jury Trial [167] on February 11, 2025.

---

[1] On October 2, 2024, after several third parties were added to this lawsuit, a new Case Management Order [90] was entered which allowed the parties to file motions to amend their pleadings by November 1, 2024. The Case Management Order [90] set this matter for a jury trial during a three-week term beginning October 14, 2025.

2

Flagstar again urges the Court to construe Plaintiffs' claims under the NFIA and, as a result, find that they are not entitled to a jury trial. In addition, Flagstar argues that Plaintiffs have waived their right to a jury trial because neither Amended Complaint [41] [111] demanded a jury trial, and that Plaintiffs failed to file a new jury demand after they filed either Amended Complaint [41] [111]. In essence, Flagstar argues that the Amended Complaints [41] [111] voided Plaintiffs' initial Demand for Jury Trial [15].

## ANALYSIS

### *Waiver*

Federal Rule of Civil Procedure 38(a) recognizes a party's right to a jury trial as bestowed to the party by the Seventh Amendment to the Constitution. Fed. R. Civ. P. 38(a). However, this right to a trial by a jury is not automatic or "self-enforcing." *Solugen Inc. v. M3 Chem. Grp. LLC*, 529 F. Supp. 3d 685, 690 (S.D. Tex. 2021). Accordingly, Rule 38(b) sets forth the procedure by which a party may properly demand a jury. Fed. R. Civ. P. 38(b).

Under Rule 38(b), "[o]n any issue triable of right by jury trial, a party may demand a jury trial by (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d).

Flagstar does not dispute that Plaintiffs filed a proper Demand for Jury Trial [15] on May 1, 2024. Rather, Flagstar says that the Demand for Jury Trial [15] is no longer directed towards the operative complaint since it was filed months before Plaintiffs filed their Amended

3

Complaints [41] [111].  Consequently, says Flagstar, Plaintiffs should have filed subsequent jury demands.

They didn't, so Flagstar contends that Plaintiffs waived any right to a jury trial under Fed. R. Civ. P. 38.  Flagstar further argues that "striking the jury trial set by the Court's Case Management Order is appropriate because the prior Demand for Jury Trial [Doc. 15] has been superseded by Plaintiffs' Amended Complaint [Doc. 41] and their Second Amended Complaint [Doc. 111], neither of which demands a jury trial."  [168] at 5.

Flagstar fails to provide the Court with any authority requiring subsequent jury demands simply because amended pleadings have been filed, and neither party cited a case within the Fifth Circuit closely mirroring the circumstances set before the Court now.  The undersigned, however, located one such case.

In *CIT Commn's Fin. Corp. v. Webster Parish Sch. Bd.*, the plaintiff argued that the defendant's initial request for a jury trial was abandoned when it failed to include a jury demand in its amended answer to the plaintiff's amended complaint.  2006 WL 8455892 (W.D. La. Feb. 27, 2006).  The plaintiff maintained, like Flagstar now, that "since [defendant's] amended answer replaced its original Answer and [defendant] did not re-assert its jury demand in the amended answer, no jury demand is extant."  *Id*. at *1.  The district court in *CIT Commn's Fin. Corp.* found this argument unpersuasive and held that the defendant's failure to reiterate its jury demand in an amended answer did not constitute abandonment of the prior demand.  *See id*. at *3.

Other courts agree.  *See Thomas v. Home Depot USA, Inc.*, 661 F. App'x 575 (11th Cir. 2016) ("Because [plaintiff's] amended complaint did not … "supersede" [plaintiff's] earlier jury demand, and because the amended complaint included no consent of the parties to withdraw the

4

earlier-made jury demand, the district court erred in denying [plaintiff] a jury trial."); *Auwood v. Harry Brandt Booking Office, Inc.*, 100 F.R.D. 804, 805 (D. Conn. 1984) (denying to strike plaintiffs' earlier-made jury demand simply because three of their amended complaints did not demand a jury trial); *Williams v. Agilent Techs.*, 2004 WL 2848005 (N.D. Cal. Dec. 10, 2004) (recognizing that the failure to include a jury demand in an amended complaint that alleged new claims did not waive previous jury demand nor require subsequent jury demands since the claims were based on the "same matrix of facts").

Indeed, "if a general demand already has been made, a new demand after the amendment is not required." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2320 (4th ed.). This is so because, "[a]lthough an amended complaint generally supersedes an original complaint, a jury demand is not an element of a complaint under either Rule 8(a) or Rule 38, and thus a proper and complete jury demand is not withdrawn by an amended complaint that does not contain a jury trial request." *Id.*; *see also Thomas*, 661 F. App'x at 577-78.

Besides, Plaintiffs did not include their jury demand in any complaint filed in this matter. Plaintiffs instead timely filed their jury demand separately "on all causes of action in this matter." [15] at 1. And as the caselaw demonstrates, Plaintiffs were not required to reiterate their demand for a jury trial nor were they required to file subsequent jury demands after they filed each Amended Complaint [41] [111]. Accordingly, the Court finds that Plaintiffs have not waived their Demand for Jury Trial [15].[2]

---

[2] In its Reply, Flagstar continues to argue that since the Second Amended Complaint "raises new issues of fact, a new jury demand was required to be made under Rule 38." Flagstar cites *Fredieu v. Rowan Cos. Inc.*, in support, but the facts in *Fredieu* are not analogous to those here. 738 F.2d 651, 653 (5th Cir. 1984). In *Fredieu*, an admiralty case, the plaintiff did not request a demand for jury trial until he moved to file a third amended complaint saying that his counsel "inadvertently" neglected to request a jury trial in the second amended complaint. *Id.* at 654. The district court denied the motion to amend to request a jury trial. The Fifth Circuit affirmed,

*NFIA*

Flagstar also argues that this Court should construe Plaintiffs' claims under the NFIA and, as a result, find that they are not entitled to a jury trial. The Court rejects the invitation. Plaintiffs have asserted their claims under RESPA in the initial Complaint and in both Amended Complaints [41] [111], none of which include a single reference to the NFIA. Accordingly, at this stage, the Court declines to construe Plaintiffs' claims under the NFIA.

Flagstar's Motion [167] essentially questions the legal viability and applicability of Plaintiffs' claims under RESPA and state law. But the issue here is not whether the claims are ultimately viable but whether Plaintiffs have preserved their jury demand for the claims they asserted. For the reasons previously noted, the Court concludes that they have.

IT IS, THEREFORE, ORDERED that Defendant Flagstar Bank, National Association's Motion to Strike Jury Trial [167] is DENIED.

SO ORDERED, this the 5th day of March, 2025.

s/Michael T. Parker
United States Magistrate Judge

---

holding that plaintiff waived his right to demand a jury trial and that his counsel's "inadvertent" omission did not relieve him from such a waiver. *Id*. Here, unlike *Fredieu*, Plaintiffs have not inadvertently omitted a jury demand. As discussed in this Order, Plaintiffs filed a timely jury demand on May 1, 2024.