IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARY R. STEVENS,** *et al.*                                                                      **PLAINTIFFS**

**v.**                                                                      **CIVIL ACTION NO.: 1:24-cv-94-HSO-MTP**

**FLAGSTAR BANK, NATIONAL
ASSOCIATION,** *et al.*                                                                      **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Dewitt Insurance Agency of MS, Inc.'s Motion to Strike Flagstar's Expert, Don Coker [191], Plaintiffs' Motion to Strike Flagstar Bank's Expert Designation and to Exclude Don Coker as an Expert Witness [197], and Plaintiffs' Motion to Strike Flagstar Bank's Supplemental Expert Designation of Don Coker as an Expert Witness [218].  Having carefully considered the Motions [191] [197] [218], the applicable law, and the parties' submissions, the Court finds that the Motions [191] [197] [218] should be DENIED.

## BACKGROUND

This lawsuit concerns the cancellation of Plaintiffs' residential flood insurance policy. Plaintiffs say that Defendant Flagstar Bank, National Association ("Flagstar") violated the Real Estate Settlement Procedures Act when it mishandled Plaintiffs' escrow funds and failed to make timely flood insurance premium payments.  Consequently, Plaintiffs' insurance carrier, American Bankers Insurance Company ("American Bankers"), canceled Plaintiffs' flood insurance coverage.  Plaintiffs then lost the benefit of a highly favorable grandfathered premium rate and brought the instant action against Flagstar and Roundpoint Mortgage Services, LLC.[1]

---

[1] On January 27, 2025, Plaintiffs submitted a Stipulation of Dismissal with Prejudice of RoundPoint Mortgage Servicing, LLC, [159].

1

Flagstar, however, suggests that Plaintiffs should have also asserted claims against American Bankers and its agent, Dewitt Insurance Agency of MS, Inc., ("Dewitt"). But they didn't. So Flagstar asserted claims against American Bankers and Dewitt for their alleged negligent administration of Plaintiffs' flood insurance policy. *See generally* Flagstar's First Amended Third-Party Complaint [122].

On October 2, 2024, after American Bankers and Dewitt were brought into this matter as third parties, the Court set new case deadlines in this matter. *See* Case Management Order [90]. Relevant here, the Court initially set Flagstar's expert designation deadline for December 4, 2024, but after two extensions that neither Dewitt nor Plaintiffs opposed, Flagstar's expert designation deadline was extended to February 14, 2025. *See* Order [151]. On the deadline, Flagstar designated two experts: Don Coker ("Coker") and Jason Garner. *See* [170].

On March 7, 2025, Dewitt filed the instant Motion [191], requesting that the Court strike Coker's expert designation and report for failing to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B). Dewitt says that the designation should be stricken because it does not include (1) the basis and reasons for Coker's opinions; (2) the facts or data considered by Coker in forming his opinions; (3) any exhibits that will be used to summarize or support his opinions; and (4) a list of all publications that Coker has authored in the previous 10 years. *See* [192] at 3. Plaintiffs filed their Motion [197] on March 14, 2025, arguing similarly that Coker's designation fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).

On March 21, 2025, Flagstar filed its Response [208] in opposition to Dewitt's Motion to Strike [191], along with a Notice of Service of Supplemental Designation of Experts [207], supplementing Coker's original designation and report. Flagstar argues that Coker should not be stricken as its expert because his original report complied with Fed. R. Civ. P. 26(a)(2)(B), and,

in any event, Flagstar has since supplemented Coker's original report. Flagstar echoes these positions in its Response [211] to Plaintiffs' Motion to Strike [197].[2]

Not to be outdone, on April 2, 2025, with six days left in discovery, Plaintiffs also filed their Motion to Strike [218] Flagstar's "supplemental" designation of Coker as an expert.[3]

**ANALYSIS**

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

---

[2] Flagstar also says that Plaintiffs have waived any challenge to the adequacy of Coker's designation for failing to raise any such challenge thirty days before the discovery deadline as required by L.U. Civ. R. 26(a)(3). Because the Court resolves the Motion to Strike [197] on other grounds, it does not address this argument.

[3] On April 3, 2025, Dewitt joined in Plaintiffs' Motion to Strike [218]. *See* Joinder [220].

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

An expert report "should be 'detailed and complete,' stating the testimony that will be presented during direct examination and the reasons therefor." *Honey-Love v. United States*, 664 F. App'x 358, 361 (5th Cir. 2016) (citing Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments)). Yet, because it is often difficult to generalize about how detailed an expert's report should be, the Court is afforded "wide latitude in determining whether disclosure is 'detailed and complete[.]'" *Michaels v. Avitech, Inc.*, 202 F.3d 746, 750 (5th Cir. 2000).

Here, the Court finds that Coker's initial expert report is neither detailed nor complete. In the initial report, Coker offers five opinions, but he does not explain the basis and reasons for them. Nor does he specify the facts relied upon in forming his opinions. And despite averring that he is "published widely" in "1 book and 115 articles," Coker fails to identify the publications (if any) that he has authored in the previous ten years. Accordingly, the Court finds that Coker's initial expert report fails to comply with Fed. R. Civ. P. 26(a)(2)(B).

Flagstar, however, "supplemented" Coker's designation after its expert designation deadline expired and in response to Dewitt's Motion to Strike [191]. Coker's supplemental

4

designation and report, says Flagstar, "simply corrects some inadvertent errors by directly citing facts relied upon, along with the broad list [*sic*] the factual allegations in the case materials." [209] at 7.

But Flagstar ignores the Rule 26 requirement that the *initial* report must be complete and not vague. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). As noted, the initial report failed to comply with Rule 26, so Flagstar failed to timely designate Coker as an expert in this matter. Nevertheless, and despite Plaintiffs' arguments to the contrary in their Motion to Strike [218], Coker's "supplemental" report complies with Rule 26.

As in his initial report, Coker offers the same five opinions in his "supplemental" report. But this time, he provides several pages of information which include the facts and data supporting his opinions. And he provided a list of publications that he has authored within the past ten years, thus curing Flagstar's deficiencies in its earlier attempt at designating Coker as an expert and satisfying the requirements under Rule 26. Accordingly, the Court rejects Plaintiffs' claim that the "supplemental" report is inadequate.

Flagstar's "supplemental" designation, therefore, is an attempt to designate Coker as an expert out of time. Indeed, Flagstar provided the parties with Coker's "supplemental" designation on March 21, 2025, well beyond Flagstar's February 14, 2025, expert designation deadline. Therefore, the Court must determine whether Coker's "supplemental" designation should be stricken as untimely.

To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the

testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Court addresses each in turn.

Concerning the first factor, the failure to identify the expert means the failure to make the *full* expert disclosure. *See Seale v. Miss. Dep't of Transp.*, 2021 WL 3729960, at *2 (N.D. Miss. Aug. 23, 2021). Despite arguing otherwise, Flagstar failed to make the full expert disclosure by its expert designation deadline, which was twice extended after the Case Management Order [90] was entered. Flagstar offers no substantial justification for this failure. The first factor weighs in favor of exclusion.

Turning to the second factor, Plaintiffs suggest that this factor weighs in favor of exclusion by arguing that Coker was designated simply to "try to make out Flagstar's third-party claims, not to defend against [their] primary claims." [198] at 5. Dewitt wholly dismisses the importance of Coker's expected testimony and argues that Flagstar can present the arguments offered in Coker's report without an expert witness. Flagstar disagrees and contends that Coker is "the only retained expert regarding the matters set forth in his report, making his testimony crucial to the presentation of Flagstar Bank's case." [209] at 8. Coker, says Flagstar, has significant experience in mortgage loan servicing and collateral insurance matters and will testify to the ultimate issue regarding the failure to timely pay the flood insurance premium in this case. *Id*. Because Flagstar has alleged claims of indemnity (among others) against Dewitt for the failure to timely make flood insurance premiums, the Court finds that Coker's testimony is important.[4] The second factor weighs against exclusion.

---

[4] Plaintiffs doubt Flagstar's "common law indemnity" claim will survive a dispositive motion. [198] at 5. To date, Flagstar's claims against Dewitt have not been dismissed, underscoring the importance of Coker's testimony in support of those claims.

6

As to the third factor, Plaintiffs say that they will be prejudiced if Coker is permitted to testify at trial for their inability "to adequately prepare for depositions, pre-trial motions, or cross-examination at trial[.]" [198] at 5. Dewitt similarly argues that the failure to timely designate Coker hindered Dewitt's ability to prepare for Coker's deposition and its ability to prepare for a cross-examination at trial. Dewitt also maintains that it could not properly designate its own witness to rebut Coker's opinions. But, as Flagstar points out, Dewitt did in fact designate its own expert witness in opposition to Coker on March 17, 2025—four days before Flagstar filed Coker's "supplemental" report. *See* Notice [204].

Though Dewitt may have been prejudiced by Flagstar's failure to properly and timely designate Coker as an expert, it now possesses Coker's "supplemental" report. Dewitt may likewise supplement its expert in rebuttal to Coker's late designation. Indeed, Dewitt has possessed Coker's "supplemental" report since March 21, 2025, and the discovery deadline expires on April 8, 2025. The third factor slightly weighs against exclusion.

Regarding the fourth factor, neither party requested a continuance nor does the Court find that a continuance is warranted based on the circumstances presented.

On balance, the Court finds that the factors weigh against exclusion. Though Flagstar failed to properly and timely designate Coker as an expert, it has since provided the information required under Rule 26(a)(2)(B). Notably, Coker's opinions have not changed since February 14, 2025, and the Court does not find that Dewitt nor the Plaintiffs have suffered any significant prejudice by Flagstar's failure to properly and timely designate Coker as an expert in this matter.

IT IS, THEREFORE, ORDERED that Dewitt Insurance Agency of MS, Inc.'s Motion to Strike Flagstar's Expert, Don Coker [191], Plaintiffs' Motion to Strike Flagstar Bank's Expert Designation and to Exclude Don Coker as an Expert Witness [197], and Plaintiffs' Motion to

7

Strike Flagstar Bank's Supplemental Expert Designation of Don Coker as an Expert Witness [218][5] are DENIED.

    SO ORDERED, this the 4th day of April, 2025.

s/Michael T. Parker
United States Magistrate Judge

---

[5] Unique to their Motions to Strike [197] [218], Plaintiffs argue briefly that Coker's proposed testimony does not satisfy the requirements of Fed. R. Evid. 702. The Court makes no ruling as to the admissibility of Coker's testimony under Fed. R. Evid. 702. If Plaintiffs wish to challenge Coker's testimony from an evidentiary standpoint (i.e., a *Daubert* challenge), they may file the appropriate motion arguing the same before the April 22, 2025, deadline for such motions.